UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-366-GCM
(3:01-cr-35-GCM-1)

| RALPH GRAHAM, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 9).

**I.     BACKGROUND**

Petitioner was charged in the underlying criminal case with: Counts (1) and (4), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); Count (2), Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2; and Count (3), brandishing a firearm during and in relation to a crime of violence, *i.e.* Count (2), and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2.  (3:01-cr-35 ("CR") Doc. No. 9).

A jury found Petitioner guilty as charged, (CR Doc. 66), and he was sentenced to 120 months' imprisonment for Counts (1) and (4); 210 months, concurrent, for Count (2); and seven years, consecutive, for Count (3).  (CR Doc. 80).  The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on direct appeal on August 25, 2003.  United States v. Graham, 73 F. App'x 588 (4th Cir. 2003).

1

Petitioner filed the instant § 2255 Motion to Vacate through counsel. (Doc. No. 1). He argues pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) that he does not qualify for sentencing as a career offender and that his conviction for violating § 924(c) is void. After the United States Supreme Court held in Beckles v. United States, 137 S. Ct. 886 (2017) that the advisory sentencing guidelines are not subject to vagueness challenges, Petitioner filed a Supplemental Memorandum, (Doc. No. 5), arguing that Beckles does not bar his challenge to the mandatory pre-Booker[1] guidelines.

This case was stayed for several years during the Fourth Circuit's consideration of United States v. Ali, No. 15-4433 and United States v. Simms, No. 15-4640. (Doc. No. 5). The stay was lifted after the Supreme Court issued its opinion in United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 8).

On July 2, 2020, the Government filed a Motion to Dismiss the § 2255 Motion to Vacate, (Doc. No. 9), arguing that Petitioner's claims are barred by binding Fourth Circuit precedent.[2] Petitioner has not filed a Response and the time to do so has now expired.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with

---

[1] United States v. Booker, 543 U.S. 200 (2005).

[2] The Government also asserts that Petitioner's claims are procedurally defaulted from § 2255 review but the Court need not reach this issue because the Motion to Vacate is easily resolved on other grounds.

"any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner raises two claims pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), in which the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[3] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

First, Petitioner contends that his career offender sentence is unconstitutional because the career offender guidelines contain a residual clause that was invalidated by Johnson. Although Petitioner acknowledges that Beckles v. United States, 137 S. Ct. 886 (2017) forecloses the argument that Johnson invalidated the advisory sentencing guidelines, he argues that Beckles is not dispositive because he was sentenced under the pre-Booker mandatory guidelines.

A one-year period of limitation applies to § 2255 motions to vacate. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner argues that this claim is timely pursuant to § 2255(f)(3) because he filed his Motion to Vacate within one year of Johnson's issuance. See (Doc. No. 1). Petitioner's reliance on § 2255(f)(3) is misplaced because Johnson only recognized that ACCA's residual clause is unconstitutionally vague. See Johnson, 135 S. Ct. at 2557. Johnson does not expressly recognize a new right with respect to the sentencing guidelines, and therefore, § 2255(f)(3) does not apply pursuant to its plain language. See generally United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted – to have his guidelines range calculated without the sentencing guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate). Therefore, Petitioner's challenge to his career offender sentence is time-barred and the Government's Motion to Dismiss will be granted on this issue.

Second, Petitioner contends that his § 924(c) conviction is invalid because the predicate offense is not a crime of violence pursuant to Johnson.

The Supreme Court has held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019). However, that holding does not affect Petitioner's conviction because the predicate for his § 924(c) conviction is Hobbs Act robbery, which the Fourth Circuit has held is categorically a crime of violence under § 924(c)'s force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Therefore,

4

Petitioner's challenge to the constitutionality of his § 924(c) conviction is meritless and the Government's Motion to Dismiss will be granted on this issue.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 Motion to Vacate and will grant the Government's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 9), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: July 23, 2020

Graham C. Mullen
United States District Judge